UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE JAMES,

    Plaintiff,

v.                                            Case No. 5:10-cv-048-Oc-30GRJ

M. TEJERA, et al.,

    Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff, a *pro se* federal prisoner, initiated this action by filing of a civil rights complaint. (Doc. 1). Plaintiff is now proceeding on an Amended Complaint (Doc. 6), in which Plaintiff asserts that his presentence report (PSR) contains erroneous information. Plaintiff alleges the Defendants did not amend or correct the inaccuracy of his PSR in violation the Privacy Act. For relief requested, Plaintiff seeks five million dollars in damages.

## Discussion

In an order dated May 3, 2010, the Court noted Plaintiff failed to disclose his previous civil actions as directed in the complaint form, and ordered Plaintiff to show cause why the Court should not dismiss the case for abuse of the judicial process. (Doc. 5).[1] Plaintiff responds, *inter alia*, that the Magistrate Judge's order is null and void. (Doc. 10). Plaintiff's explanation for his failure to disclose any of his federal

---

[1] In James v. United States of America, case no 1:09-cv-20030-CMA (S.D. Fla. 2009), the Plaintiff's sentencing court rejected Plaintiff's attempt to collaterally challenge the prior convictions identified in the PSR.

filing history is unavailing. The Court has authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

The appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true responses is to dismiss this cause without prejudice.[2] See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)(*noting* that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds* by Jones v. Bock, 549 U.S. 199 (2007).

To the extent Plaintiff asserts his claim pursuant to the Privacy Act, 5 U.S.C. §552a, a Privacy Act claim may be brought only against an agency, not against an individual. See Ramirez v. Dep't of Justice, 594 F. Supp. 2d 58, 61-62 (D.D.C. 2009). Accordingly, the two Defendants Plaintiff named in his Amended Complaint are due to be dismissed as party defendants. Further, because the Bureau of Prisons' (BOP) Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act,[3] the "BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping." Id. at 65.

---

[2] This sanction is not too severe under these circumstances, as Plaintiff is free to re-file if he so chooses.

[3] This section states "each agency that maintains a system of records shall---maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

## Conclusion

For the reasons set forth herein, the Amended Complaint is **DISMISSED** without prejudice. The Clerk is directed to terminate any pending motions and close this file.

**DONE and ORDERED in Tampa, Florida on August 23, 2010.**

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2010\10-cv-48.ocala case.wpd